UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO:

ANDREW DETORE,

   Plaintiff,

v.

TEAMVIEWER US, INC., A FOREIGN PROFIT CORPORATION,

   Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ANDREW DETORE ("Plaintiff" or "DeTore"), by and through his undersigned counsel, hereby files this Complaint against Defendant TEAMVIEWER US, INC. ("TV" or "Defendant") seeking all relief available under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case involves a federal question under the FLSA, 29 U.S.C. §§ 201, et seq.

2. This Court has personal jurisdiction over Defendant because Defendant conducts business within this District and the actions giving rise to this Complaint occurred within this District.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant regularly conducts business in this District.

4. Defendant is a covered employer within the meaning of the FLSA.

## THE PARTIES

5. Plaintiff ANDREW DETORE is an adult individual who is a resident of Seminole, Florida.

6. Plaintiff was employed by Defendant as a sales representative, From approximately April 1, 2023, through August 5, 2024.

7. Defendant TEAMVIEWER US, INC. is a Foreign Profit Corporation incorporated in Delaware, with its principal place of business located at 5741 Rio Vista Drive, Largo, FL 33760. At all relevant times, the Defendant has conducted business within the Middle District of Florida. *See* Sunbiz report, attached as **Exhibit A.**

8. Defendant holds itself out to the public via its website as, TeamViewer provides a Digital Workplace platform that connects people with

technology—enabling, improving and automating digital processes to make work better. "In 2005, TeamViewer started in Goeppingen, Germany, with software to connect to computers from anywhere to eliminate travel and enhance productivity. It rapidly became the de facto standard for remote access and support and the preferred solution for hundreds of millions of users across the world to help others with IT issues. Today, more than 660,000 customers across industries rely on TeamViewer to optimize their digital workplaces—from small to medium sized businesses to the world's largest enterprises—empowering both desk-based employees and frontline workers.  Organizations use TeamViewer's solutions to prevent and resolve disruptions with digital endpoints of any kind, securely manage complex IT and industrial device landscapes, and enhance processes with augmented reality powered workflows and assistance—leveraging AI and integrating seamlessly with leading tech partners. Against the backdrop of global digital transformation and challenges like shortage of skilled labor, hybrid working, accelerated data analysis, and the rise of new technologies, TeamViewer's solutions offer a clear value add by increasing productivity, reducing machine downtime, speeding up talent onboarding, and improving customer and employee satisfaction[1]."

---

[1] *See* https://www.teamviewer.com/en-us/global/company/about-teamviewer (last viewed on October 20, 2025).

9. At all relevant times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

10. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

11. At all relevant times, Defendant has had annual gross volume of sales made or business done in an amount not less than $500,000.

12. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e).

## FACTUAL ALLEGATIONS

13. Plaintiff worked for Defendant as a sales representative from approximately April 1, 2023, through August 5, 2024.

14. As a sales representative, Plaintiff's primary duties included selling computer software to customers via phone, email, and chat communications.

15. Plaintiff was classified as a non-exempt employee and was paid an hourly wage plus non-discretionary commissions, bonuses and gift cards based on his sales performance and sales quota[2].

---

[2] Each Quarter Plaintiff was given a new sales quota to reach.

16. Plaintiff's scheduled work hours were supposed to be 8:30 a.m. to 5:30 p.m., Monday through Friday, with a one-hour lunch break.

17. Despite his scheduled hours, Plaintiff regularly worked from approximately 8:00/8:30 a.m. to 6:30/7:00 p.m., Monday through Friday, totaling approximately 55 or more hours per week.

18. Plaintiff did not take lunch breaks and worked straight through the lunch period to handle incoming sales calls, emails, and chat communications.

19. During the relevant time period, Defendant had a policy and practice of discouraging employees from reporting overtime hours worked in excess of 40 hours per week.

20. Plaintiff was instructed by his manager Justin and other supervisors to keep his reported hours between 40-45 hours per week to avoid problems with HR, who "hated having to pay overtime pay."

21. Despite working approximately 55 or more hours per week, Plaintiff was told to manipulate his time entries to stay under 40 hours by clocking in and out early on Fridays, even though he continued working until 7:00 p.m. *See* timesheets attached as Exhibit B.

22. Defendant benefited from Plaintiff's unreported overtime work through increased sales and commissions, while avoiding the payment of overtime compensation.

23.   Plaintiff was the only hourly sales representative who regularly stayed to work additional hours each night, while other hourly and salary paid sales representatives clocked out between 5:30 p.m. and 6:00 p.m.

24.   The VP of Sales, Jens, publicly acknowledged and praised Plaintiff's long working hours across the entire sales floor, encouraging him to "work all night."

25.   Defendant failed to include Plaintiff's quarterly non-discretionary commissions, bonuses, and gift card payments in his regular rate of pay when calculating overtime compensation, as required by the FLSA. *See* paystubs attached as Exhibit C.

26.   During the relevant time period, Plaintiff received various forms of non-discretionary compensation including:

   a. Monthly commission payments based on achieving sales quotas;

   b. Gift card/spiff payouts;

   c. Bonuses from sales contests;

27.   Defendant's commission structure was non-discretionary, as Plaintiff would earn commission payouts upon hitting his monthly sales quota.

28.   Despite Plaintiff's sales performance regularly exceeding his monthly quota, Defendant maintained an artificial cap limiting Plaintiff's monthly commissions to no more than $3,000, even when his actual sales performance

would have warranted higher commission payments under the commission structure.

29. Defendant knew or should have known that Plaintiff worked in excess of 40 hours per workweek without proper overtime compensation.

30. Defendant's failure to pay proper overtime compensation to Plaintiff was knowing, willful, and in reckless disregard of the FLSA.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act: Unpaid Overtime Wages

31. Plaintiff realleges and incorporates by reference all prior paragraphs as if they were set forth again herein.

32. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

33. The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq.* apply to Defendant.

34. At all relevant times, Plaintiff was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

35. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

36. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

37. Defendant has failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA for hours worked in excess of 40 hours per workweek.

38. Defendant has failed to properly calculate Plaintiff's regular rate of pay by excluding non-discretionary commissions, bonuses, and other compensation when determining overtime rates.

39. Defendant's violations of the FLSA, as described in this Complaint, have been intentional and willful. Defendant has not made a good faith effort to comply with the FLSA with respect to Plaintiff's compensation.

40. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

41. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

42. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of overtime compensation and other wages, and is entitled to recover such amounts, along with liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants, and that this Court:

A. Unpaid overtime wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 et seq. and the supporting United States Department of Labor regulations;

B. Defendant's share of FICA, FUTA, state unemployment insurance and any other employment taxes on the unpaid wages;

C. Pre-judgment interest and post-judgment interest, as provided by law;

D. Attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b);

E. Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated this 20th day of October 2025

                Respectfully submitted,

                */s/ Noah E. Storch*
                Noah E. Storch, Esq.
                Florida Bar No.: 0085476

                RICHARD CELLER LEGAL, P.A.
                7951 SW 6th Street, Suite 316
                Plantation, FL 33324
                Telephone: (866) 344-9243
                Facsimile: (954) 337-2771
                E-mail:
                noah@floridaovertimelawyer.com

                *Trial Counsel for Plaintiff*