UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW DETORE,

    Plaintiff,

v.                                            Case No: 8:25-cv-2858-CEH-SPF

TEAMVIEWER US INC,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Defendant's Motion to Compel Arbitration (Doc. 8), filed on January 5, 2026. In its motion, Defendant TeamViewer US, Inc. ("TeamViewer") requests the Court stay this case and compel the parties to arbitrate Plaintiff's FLSA claims as required by the Employment and Restrictive Covenants Agreement ("Employment Agreement") executed by the parties. Defendant filed a supplement to its motion indicating that Plaintiff does not oppose the requested relief. Doc. 10. The Court, having considered the motion and being fully advised in the premises, will grant Defendant's Motion to Compel Arbitration.

## DISCUSSION

In this action brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*, Plaintiff Andrew DeTore sues his former employer TeamViewer for unpaid overtime compensation and other wages to which he alleges he is entitled. Doc. 1. TeamViewer filed a motion to compel arbitration on the basis

that the Employment Agreement signed by Plaintiff when he began his employment with TeamViewer includes a mandatory arbitration provision. Doc. 8. Specifically, paragraph 14 of the Employment Agreement contains a "Mandatory Arbitration Clause" in which "Employee expressly agrees and acknowledges that the Company and employee will utilize binding arbitration to resolve all disputes that may arise out of the employment context." Doc. 8-1 at 10. Included within the scope of the Arbitration Clause are disputes for "unpaid wages or overtime pay" and claims arising under the Fair Labor Standards Act. *See id.* at 10–11.

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., codifies a "liberal federal policy favoring arbitration" and requires the courts to "rigorously enforce agreements to arbitrate." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625–26 (1985) (internal quotation marks omitted). The "principal purpose" of the FAA is to ensure "that private arbitration agreements are enforced according to their terms." *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989). The Court engages in a two-step inquiry in analyzing a motion to compel arbitration: first, the Court must determine if the parties agreed to arbitrate the dispute; and second, the Court must decide whether "legal constraints external to the parties' agreement foreclosed arbitration." *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004).

Review of the Employment Agreement reveals the parties agreed to arbitrate employment disputes, including claims arising under the FLSA. Further, the Court concludes that there are no apparent legal constraints external to the parties' agreement

which would foreclose arbitration of Plaintiff's claims. Upon consideration of the Defendant's motion and Plaintiff's lack of opposition, the Court will stay this case and compel arbitration. Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion to Compel Arbitration (Doc. 8) is **GRANTED**. The parties shall submit all claims asserted in the Complaint to arbitration in accordance with the Mandatory Arbitration Clause in the Employment Agreement.

2. This action is **STAYED** pending arbitration of Plaintiff's claims.

3. The parties shall file a notice informing the Court that the arbitration has concluded, or that their dispute has otherwise been resolved, within fourteen (14) days of either of such event.

4. The Clerk is directed to terminate any pending motions and deadlines and administratively **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on January 8, 2026.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any